**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**
**Civil Division**
400 North Ninth Street
Richmond, Virginia 23219

**ERNEST J. WALL,**

                       Plaintiff,

V.                                       Case Number CL21_____

**WALMART STORES, INC.**
Please Serve:
Ct Corporation System
4701 Cox Road,
Glen Allen, Virginia 23060
Registered Agent,

                        Defendant.

### COMPLAINT

Now comes Ernest J. Wall ("Wall"), by counsel, and sets forth the following to the Court:

#### Parties

1. Wall is a natural person who resides in the Commonwealth of Virginia.

2. Walmart Stores, Inc. ("Walmart Stores") is a for-profit corporation doing business in the Commonwealth of Virginia.

#### Venue

3. Venue is proper in this Court because this complaint is based claims a tort that occurred in the City of Richmond, Virginia.

#### Facts

4. At all times relevant to this case Walmart owns a retail store ("the Walmart Store") which bears the store number of 03885 called "Walmart Neighborhood Center" located at 5521 Brook Road, Richmond, Virginia 23227.



5. On February 3, 2021, Wall went into the Walmart Store, primarily to get a money order to pay his rent.

6. .While Wall was in the Walmart Store, he decided to purchase cigarette lighters. called "Scripto" which the Walmart store sold for $1.97 for a pack of five. Wall hoped to obtain such a pack where such packs were located behind a counter at the Walmart Store. Wall planned to obtain such a pack, pay for it at a self-checkout, and then go the Customer Service counter located near the self-checkout to obtain a money order to pay his rent.

7. Wall asked a Walmart store employee behind a counter to give him a pack of Scripto cigarette lighters.

8. At the time Wall made such request, another Walmart Store employee, Shadea Bradon ("Bradon"), who was behind the same counter told Wall he would have to get in a line (which had about eleven (11) customers waiting for service from her.

9. Wall replied "You have eleven people in your line." He added that the store employee to whom Wall had asked for the Scripto could just pass Wall the Script pack he had requested so that he could go to the self-service to pay for it.

10. Bradon said, "You're going to get in my line if you want to get the lighter."

11. Wall said, "Your attitude is off, like your green hair" (referring to the fact that the employee with eleven (11) customers in line had green hair).

12. Bradon said, "Oh, you said you want to fight me."

13. Wall denied he had said he wanted to fight her.

14. Bradon repeated over and over that Wall had said he wanted to fight her and Wall kept denying that (because it was not true).

15. Wall said he wanted to speak to the store manager.

2

16. Bradon replied falsely that she was the manager.

17. The actual manager of the Walmart Store came to the location where the above occurred.

18. At that time, Bradon told the manager that Wall had said he wanted to fight such employee.

19. Wall again denied he had said he wanted to fight such employee.

20. The store manager then said, "Did you know a customer attached and fought me?"

21. Bradon then said "He said he wanted to fight me; he said he wanted to fight me."

22. Wall said, "I never said that, you can ask these people (referring to the others in the vicinity and repeated "I never said that. "

23. The store manager did not ask any of the customers in line what happened and did not ask the employee to whom Wall had requested a cigarette lighter what had happened. Rather, the store manager immediately told Wall he had to leave the store and that the manager was going to call the police

24. Wall then left the store.

25. Bradon repeated that false accusation to the police.

    The store manager supported such false accusation to the police without cause to do so.

26. After Wall left the store, police arrived and spoke to Wall but did not arrest him.

27. Wall told the police he had never said he wanted to fight the store employee who had claimed he did and that he had done nothing wrong.

28. The police told Wall not to go back into the store, but did not arrest him.

29. The aforesaid actions and statements of Bradon who falsely accused Wall of saying he wanted to fight her were done in the course of her employment with Walmart.

30. The aforesaid actions and statements by the store manager were done in the course of

3

her management employment with Walmart.

31. The actions and statements by Bradon and Walmart manager constituted slander against Wall.

32. As a proximate result of such slander, Wall was subjected to humiliation, damage to his standing and reputation, and sustained serious emotional distress requiring medical and psychological treatment.

33. The actions and statements by Bradon were deliberate, intentional, willful, wrong, oppressive, and malicious, for which Walmart is responsible pursuant to respondeat superior..

34. Wall sought to complain to Walmart about the facts set forth herein above, but Walmart did not respond with any willingness to investigate the matter.

35. As a result of the matters set forth herein above, Wall is entitled to entry of a judgment in his favor for compensatory damages.

## Call for Trial by Jury

36. Wall calls for trial by jury of this case.

## Conclusion

Wherefore, Wall prays that the Court enter a judgment in his favor for $150,000 compensatory damages and $100, 000 punitive damages.

Respectfully submitted,

ERNEST J. WALL,

By_____
Counsel

Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin,
P.C. Eighth and Main Building
707 East Main Street, Suite 1050

4

Richmond, Virginia 23219
(804)205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Ernest J. Wall*