IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ERNEST J. WALL,
    Plaintiff,

v.                                 Civil No. 3:21cv395 (DJN)

WAL-MART STORES, INC.,
    Defendant.

### MEMORANDUM OPINION

Plaintiff Ernest J. Wall ("Plaintiff") brings this defamation action against Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart"), alleging that a Wal-Mart employee falsely stated that Plaintiff wanted to fight her. On May 12, 2021, Plaintiff filed the underlying state court action in the Circuit Court for the City of Richmond. (Complaint ("Compl.") (ECF No. 1-1).) On June 17, 2021, Defendant removed the action to this Court, asserting that this Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. (Notice of Removal ("NOR") (ECF No. 1).)

This matter now comes before the Court on Defendant's Motion to Dismiss (ECF No. 4), moving to dismiss Plaintiff's Complaint (ECF No. 1-1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court will GRANT Defendant's Motion (ECF No. 4) and DISMISS WITH PREJUDICE Plaintiff's Complaint (ECF No. 1-1).

### I.    BACKGROUND

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept Plaintiff's well-pleaded factual allegations as true, though the Court need not accept Plaintiff's

legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With this principle in mind, the Court accepts the following facts.

## A.    Plaintiff's Complaint

On February 3, 2021, Plaintiff visited a certain Wal-Mart store located in the City of Richmond. (Compl. ¶ 5.) While in the store, Plaintiff decided to purchase a pack of cigarette lighters, which only an employee could retrieve from behind a counter. (Compl. ¶ 6.) Plaintiff intended to obtain the pack, pay for it at self-checkout, and then report to Customer Service to procure a money order. (Compl. ¶ 6.)

To that end, Plaintiff asked a Wal-Mart employee to retrieve him a pack of cigarette lighters. (Compl. ¶ 7.) When he made that request, however, another employee ("Bradon"), told Plaintiff to get in a line eleven-people long to wait for service. (Compl. ¶ 8.) When Plaintiff protested about the wait, Bradon insisted "You're going to get in my line if you want to get the lighter." (Compl. ¶ 10.)

At this point, Plaintiff remarked that "Your attitude is off, like your green hair." (Compl. ¶ 11.) Bradon responded with: "Oh, you said you want to fight me." (Compl. ¶ 12.) Bradon then repeated "over and over" that Plaintiff had stated a desire to fight Bradon, and Plaintiff continuously denied ever having made such a statement. (Compl. ¶ 14.) Eventually, the store manager arrived on scene, whereupon Bradon advised the manager that Plaintiff wanted to fight Bradon. (Compl. ¶ 18.) In response, the store manager inquired: "Did you know a customer [attacked] and fought me?" (Compl. ¶ 20.) Plaintiff continued to deny that he ever made the statement, and implored the manager to confirm as much with nearby customers. (Compl. ¶ 22.) Rather than investigate, however, the manager ordered Plaintiff to leave the store and threatened to call the police. (Compl. ¶ 23.) When the police arrived, Bradon and the manager again

2

"repeated [the] false accusation." (Compl. ¶ 25.)  The police told Plaintiff not to return to the store, but did not arrest him.  (Compl. ¶ 28.)

Plaintiff alleges that as a result of this incident, he has suffered "humiliation, damage to his standing and reputation, and sustained serious emotional distress requiring medical and psychological treatment." (Compl. ¶ 32.)  Plaintiff demands compensatory damages in the amount of $150,000 and punitive damages totaling $100,000.  (Compl. at 4.)

### C.    Defendant's Motion to Dismiss

In response to Plaintiff's Complaint, on July 16, 2021, Defendant filed its Motion to Dismiss (ECF No. 4), moving to dismiss Plaintiff's Complaint for failure to state a claim.  In support of its Motion, Defendant argues that the statements at issue do not constitute actionable defamation under Virginia law. (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 5) at 2-6.)  Specifically, Defendant maintains that the relevant statements lack the requisite defamatory sting. (Def.'s Mem. at 4-5.)

Plaintiff filed his Memorandum in Opposition to the Motion to Dismiss on July 30, 2021 (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (ECF No. 6)).  Defendant has not filed a reply, and the time for doing so has since passed.  Accordingly, the matter is now ripe for review.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to

the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## III.    ANALYSIS

### A.    The Statements At Issue Lack The Requisite Defamatory Sting.

Defendant argues that Plaintiff fails to state a claim for defamation, because the relevant statements lack the requisite defamatory sting. (Def.'s Mem. at 4-5.) Specifically, Defendant argues that, as a matter of law, the statements cannot reasonably cause sufficient injury to reputation. (Def.'s Mem. at 4.) On this point, Defendant observes that the statements at issue prove "married to a single and relatively benign particular fact but do[ ] not impugn [the]

Plaintiff's character as a whole." (Def.'s Mem. at 4 (citing *Schaecher v. Bouffault*, 772 S.E.2d 589, 594-95 (Va. 2015)).) Conversely, Plaintiff emphasizes that Defendant's employees repeatedly insisted that Plaintiff "had offered violence against a woman" in front of customers, employees and eventually law enforcement. (Pl.'s Resp. at 4.) Plaintiff posits that the statements qualify as defamatory under the rubric set forth in *Air. Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237 (2014). The Court agrees with Defendant.

To state a claim for defamation under Virginia law, a plaintiff must show: (1) publication; (2) of an actionable statement; with (3) the requisite intent.[1] *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993). Here, the parties dispute the second element — i.e., whether the statements at issue constitute actionable statements for purposes of Virginia defamation law. Actionable statements must essentially evince two characteristics. First, they must "contain a provably false factual connotation."[2] *Yeagle v. Collegiate Times*, 497 S.E.2d 136, 137 (Va. 1998).

Second, and relevant here, actionable statements must carry the requisite defamatory sting. *Dragulescu* v. *Va. Union Univ.*, 223 F. Supp.3d 499, 507 (E.D. Va. 2016). That "sting" exists when the statements fall into one of two categories. *Echtenkamp v. Loudon County Pub. Schs.*, 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003). First, the general defamation standard requires statements that "tend so to harm the reputation of another as to lower him in the

---

[1]     Because the Court exercises diversity jurisdiction over this action, it must apply the law of the jurisdiction in which it sits. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2005) (quoting *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). Accordingly, Virginia law applies.

[2]     Defendant does not seriously dispute that the statements meet the falsity element. In any event, the Court must assume the falsity of the statements at the motion to dismiss stage. *Chapin*, 993. F.2d at 1092.

estimation of the community or to deter third persons from associating or dealing with him." *Id.* (internal quotation marks and citations omitted).  Importantly, "[m]erely offensive or unpleasant statements are not defamatory." *Chapin*, 993 F.2d at 1092.

Additionally, the Supreme Court of Virginia has identified four categories of statements that constitute defamation per se.  Such statements must:  (1) impute the commission of a crime of moral turpitude for which a party may be convicted; (2) impute that the person is infected with a contagious disease which would exclude the person from society; (3) impute an unfitness to perform the duties of a job or lack of integrity in the performance of duties; or (4) prejudice the party in the party's profession or trade. *Echtenkamp*, 263 F. Supp. 2d at 1061 (citing *Fleming v. Moore*, 275 S.E.2d 632, 635 (Va. 1981)).  Thus, Virginia law requires the statements at issue to "either fit within a specific category of defamation per se or be sufficiently severe to meet the general defamation standard." *Id.* at 1063.  Whether a statement proves actionable, in that it contains a provably false factual connotation and inflicts the requisite defamatory sting, is a question of law. *Id.*; *Sroufe v. Waldron*, 829 S.E.2d 262, 263 (Va. 2019) ("Ensuring that defamation suits proceed only upon statements which actually may defame a plaintiff, rather than those which merely may inflame a jury to an award of damages, is an essential gatekeeping function of the court.") (internal quotation marks and citation omitted).

Examined against these standards, the statements alleged in Plaintiff's Complaint do not plausibly give rise to defamatory meaning.  For example, in *Schaecher*, the Supreme Court of Virginia analyzed a number of allegedly defamatory remarks made in the context of an application for a special use permit. *Schaecher*, 772 S.E.2d at 592.  The court held that a statement indicating that the plaintiff "was not totally truthful" in her application did not carry the requisite sting, because it did not "impugn "the [plaintiff's] character as a whole," and

6

therefore failed to "engender disgrace, shame, scorn, or contempt." *Id.* at 599.  Indeed, because

the statement "[was] married to a single and relatively benign particular fact," it did not

effectuate sufficient reputational injury to qualify as defamatory. *Id.*

Likewise here, Plaintiff alleges statements that remained tied to a "single and relatively

benign" incident — i.e., a dispute with customer service employees at a Wal-Mart.  Stating that a

customer wants to fight an employee, without more, does not inflict such reputational injury as to

subject the customer to "disgrace, shame, scorn, or contempt."  Instead, it merely suggests that

the customer, like many before and since, had an unpleasant and perhaps heated interaction with

customer service.  Indeed, Plaintiff's own allegations undercut the severity of the remarks.

Specifically, a police officer who had responded to the scene simply told Plaintiff to leave.

According to the Complaint, the officer did not arrest him or otherwise take any adverse action

against him.  (Compl. ¶¶ 25-28.)  Thus, a third-party law enforcement official who had heard the

statements did not deem them sufficiently severe to take any meaningful action.

And finally, Plaintiff does not argue (nor could he) that the statements at issue here fall

into a defamation per se category.  Accordingly, because the statements do not qualify as

defamatory per se and do not tend to lower Plaintiff in the estimation of the community, they fail

as a matter of law to support a claim for defamation.

Plaintiff also fails to show how the Supreme Court's decision in *Hoeper* advances his

position.[3]  There, the Supreme Court analyzed statements uttered among airline personnel who

expressed concern that a disgruntled pilot may have been carrying a firearm.  *Hoeper*, 571 U.S.

at 241-44.  The Court's analysis centered on whether a statement must prove materially false to

extinguish the immunity afforded by the Aviation and Transportation Security Act ("ATSA"), 49

---

[3]        Indeed, he provides no analysis of the case whatsoever.

U.S.C. § 44901, *et seq*. *Id.* at 246-250. In answering affirmatively, the Court reasoned that Congress intended the ATSA to incentivize "airline employees to report suspicious activities." *Id.* at 249. The Court simply did not supply any relevant analysis on what genre of statements inflict the requisite defamatory sting under Virginia law.

For these reasons, the Court will grant Defendant's Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court will GRANT Defendant's Motion (ECF No. 4) and DISMISS WITH PREJUDICE Plaintiff's Complaint (ECF No. 1-1).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: August 18, 2021